# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ANITA M. MORALES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-01100 |
| CONSUMER ADJUSTMENT COMPANY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ANITA M. MORALES ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CONSUMER ADJUSTMENT COMPANY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*., the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas a substantial portion of the events that gave rise to this action occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Austin, Texas, which lies within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collector claiming that is has "excelled in AR management and bad debt collections" since 1967.[1]. Defendant's is a corporation organized under the laws of the state of Missouri with its principal office located at 12855 Tesson Ferry Road, Suite 200, St. Louis, Missouri 63128. Defendant regularly collects upon consumers located within the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") that Plaintiff allegedly owed.

10. Around August 2020, Plaintiff began receiving calls and text messages to her cellular phone, (512) XXX-2294, from Defendant.

---

[1] https://cacionline.net/about/

2

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2294. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used a variety of phone numbers when placing calls and text messages to Plaintiff's cellular phone, including but not limited to (254) 332-2254, (682) 297-5298, (361) 541-6927, (361) 204-4566, (888) 632-3002, (928) 756-6989, and (469) 306-0576, but upon information and belief, Defendant has used other numbers as well.

13. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

14. During answered calls, Plaintiff has been subjected to a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

15. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

16. Upon speaking to Defendant, Plaintiff requested that Defendant cease contacting her.

17. Additionally, Defendant would send Plaintiff automated text messages, to which Plaintiff repeatedly replied "STOP."

18. In response to Plaintiff's numerous "STOP" requests, Defendant's automated text messaging platform would inform Plaintiff that she would receive no further text messages.

19. Despite Plaintiff's demands and despite its representations that the text messages would cease, Defendant willfully ignored Plaintiff's demands and continued placing phone calls and text messages to Plaintiff's cellular phone seeking payment on subject debt up until the filing of the instant action.

20. Plaintiff has received dozens of phone calls and text messages from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls and text messages, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls and text messages, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called and texted Plaintiff after being notified to stop.  Defendant called and texted Plaintiff dozens of times after she demanded multiple times that it stop calling and sending her text messages.  This repeated behavior of systematically calling and texting Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls and messages shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls and text messages were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting

5

her Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls and text messages to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

35. Defendant further violated § 1692e and e(10) when it falsely and deceptively represented to Plaintiff that the text messages would cease, when in fact such text messages continued. Defendant's false representations as to the continuing nature of its text messages is in direct violation of the FDCPA's prohibition against any false, deceptive, or misleading representations made in connection with Defendant's efforts to collect the subject debt from Plaintiff.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling and texting Plaintiff dozens of times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls and text messages without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANITA M. MORALES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls and text messages. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

42. The automated nature of the text messages Plaintiff received similarly demonstrate Defendant's use of an ATDS.

43. Upon information and belief, the system employed by Defendant to place phone calls and text messages to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

44. Defendant violated the TCPA by placing numerous phone calls and text messages to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant by virtue of incurring the subject debt was explicitly revoked by her demands that it cease contacting her via phone calls and text messages.

45. The text messages and calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call and text message. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of her demands to cease contacting her, Defendant unlawfully continued placing unwanted collection calls and text messages to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request and information, but knowingly and intentionally continued to place numerous calls and text messages to her cellular phone.

WHEREFORE, Plaintiff, ANITA M. MORALES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

50. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of TDCA § 392.302**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

52. Defendant violated the TDCA when it continued to call and text Plaintiff's cellular phone dozens of times after she notified it to stop calling and texting. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls and text messages in hopes of extracting payment.

### b. Violations of TDCA § 392.304

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

54. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone and replying "STOP" to Defendant's text messages, illustrating the deceptive nature of Defendant's conduct.

55. Defendant further violated the above reference provision of the TDCA when it falsely and deceptively represented that the text messages would cease in response to Plaintiff's "STOP" requests.

WHEREFORE, Plaintiff, ANITA M. MORALES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 4, 2020                                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com